**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CHARLES H. HEROD**                                                      **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:05CV248-M-A**

**ASHLEY FURNITURE INDUSTRIES, INC.**                      **DEFENDANT**

## ORDER

This cause comes before the court on the defendant's motion [34-1] for summary judgment. The court has been informed by the plaintiff's attorney in a letter dated December 6, 2006, and received December 11, 2006, that the plaintiff will not be filing a responsive motion. Summary judgment cannot be supported on the ground that the plaintiff failed to respond to a defendant's motion for summary judgment. *John v. State of LA (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). This court now examines the defendant's motion on its merits.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves*

*v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110. However, the court will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Andrews v. Texas Park & Wildlife Dept.*, 196 F.Supp. 2d 424, 426 (2001).

Plaintiff Charles Herod filed a complaint against Ashley Furniture Industries, Inc. alleging age discrimination in violation of the Age Discrimination Employment Act. To establish a *prima facie* case of age discrimination, a plaintiff must prove: (1) he was a member of the protected class of individuals over forty years of age, (2) he was qualified for the job in question, (3) he was discharged, and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

Mr. Herod was fifty-four years old at the time of his termination, establishing him as a protected class member. It is undisputed that Mr. Herod was terminated from his employment. Where Mr. Herod fails to establish age discrimination is with the second and fourth prongs necessary to make a prima facie case of discrimination.

Mr. Herod must establish that he was qualified for the job in question. While employed with Ashley Furniture Mr. Herod occupied the position of accountant at the Ripley, Mississippi plant. Mr. Herod was placed in this position in 1999 and did not have an accounting degree, but

Ashley Furniture allowed him to occupy the position while he pursued the degree. Mr. Herod obtained his accounting degree in May 2003. At the end of 2003, Ashley Furniture decided to merge the accounting departments at its Ripley and Ecru plants, moving all staff to the Ecru plant. Mr. Herod's own deposition testimony establishes that he was not prepared for his job at the Ecru plant.

> **Mr. Herod:** Well, to be an example, approximately two weeks after I was on the job Ms. Stewart called me to her office and told me that I was woefully unprepared for the job. And in my opinion, she was judging me on Ecru standards versus the Ripley standards which I had, at least, maintained the minimum requirements there. And she said I obviously didn't take advantage of all that was available to learn at Ripley, when in fact, my Ripley function was totally different from my Ecru requirements.
>
> **Question:** Were you woefully unprepared at that point for your job in Ripley?
>
> **Mr. Herod:** No sir, I was prepared for Ripley and I excelled in Ripley.
>
> **Question:** I'm sorry. Were you woefully unprepared for your job in Ecru?
>
> **Mr. Herod**: Yes.
>
> **Question:** You were?
>
> **Mr. Herod**: In as far as the accounting functions, I had a degree in accounting, my job in Ripley required me not to do financial documents or financial statements, and that part I was not prepared.

Similarly, Mr. Herod's own deposition testimony fails to establish that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. When asked why he believed Ms. Stewart, his supervisor, terminated him Mr. Herod stated:

> **Mr. Herod:** She used my poor performance as a reason for her reasoning. My

reasoning is that she — if she made it hard enough on me to where I quit or justified firing me, then she could replace me with someone more of her liking.

**Question:** So what was it — what do you think the real reason for Ms. Stewart doing what it was to get you out of Ashley, whatever it took to get you out of Ashley?

**Mr. Herod:** Her dislike for me through Johnny Rakestraw.

**Question:** You think that's the only reason?

**Mr. Herod:** Primary reason.

**Question:** Was there any other reason?

**Mr. Herod:** Not to my knowledge.

Upon being questioned by his own attorney, Mr. Herod subsequently stated that he did not understand the question being asked by counsel opposite and that his age and a hostile work environment were the true reasons for his termination. Notably, there are no allegations that he was replaced by someone younger or by someone outside of the protected class. Further, at no point was he able to state that he did not receive training or assistance upon request, nor was he able to state that younger employees received training that he was excluded from receiving. As such, this court finds that the plaintiff has not established a prima facie case of age discrimination. The defendant's motion [34-1] for summary judgment is GRANTED.

This the 14th day of December, 2006.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**